IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00291-WYD-MJW

CARIE FULLER, et al.,

Plaintiffs,

v.

NEIL MICKELSON,

Defendant.

---

**RECOMMENDATION ON PLAINTIFFS' MOTION TO AMEND COMPLAINT TO ADD PUNITIVE DAMAGES CLAIM AGAINST DEFENDANT NEIL MICKELSON
(DOCKET NO. 15)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on Plaintiffs' Motion to Amend Complaint to Add Punitive Damages Claim Against Defendant Neil Mickelson (docket no. 15). The court has reviewed the motion and response (docket no. 17). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following finding of fact, conclusions of law, and recommendation.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

In this case in their Complaint against Defendant Neil Mickelson, Plaintiffs Carrie and Stephen Fuller have alleged claims for defamation, outrageous conduct, and loss of consortium. Plaintiffs request in the subject motion that this court allow

2

them to amend their Complaint to add a claim for punitive damages pursuant to Fed. R. Civ. P. 15(a) and § 13-21-102 (1.5), C.R.S.  In support of the subject motion, Plaintiffs rely upon the affidavit of Plaintiff Carie Fuller to establish a *prima facie case* for the entitlement of punitive damages (exhibit 1 attached to the subject motion) and the proposed First Amended Complaint (exhibit 2 attached to the subject motion).

Here, the court finds that portions of the affidavit of Plaintiff Carie Fuller contain inadmissible hearsay and conclusory allegations, and such affidavit fails to establish a *prima facie case* of a triable issue of exemplary damages under § 13-21-102 (1.5), C.R.S.  Moreover, Plaintiffs' proposed Amended Complaint seeks to pursue "punitive damages" ["exemplary damages"] as a separate case of action which is improper. Exemplary damages are not a cause of action.  Colorado law is clear on this point. Palmer v. A. H. Robins Co., Inc., 684 P.2d 187, 213 (Colo. 1984) (Claim for punitive damages is not a separate and distinct cause of action; rather, it is auxiliary to an underlying claim for actual damages.); Pulliam v. Dreiling, 839 P.2d 521, 524 (Colo. App. 1992)(same); Kirk v. The Denver Pub. Co., 818 P.2d 262, 265 (Colo. 1991) (exemplary damages are a type of monetary remedy for a civil wrong, not a separate cause of action).

### RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **RECOMMENDS**:

    1.    That Plaintiffs' Motion to Amend Complaint to Add Punitive Damages Claim Against Defendant Neil Mickelson (docket no. 15)

3

be **DENIED,** and

2.      That each party pay their own attorney fees and costs for this motion.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 22nd day of May 2007.

                                                BY THE COURT

                                                s/ Michael J. Watanabe
                                                Michael J. Watanabe
                                                U.S. Magistrate Judge