IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00291-WYD-MJW

CARIE FULLER and
STEPHEN FULLER,

    Plaintiffs,

v.

NEIL MICKELSON,

    Defendant.

## OBJECTIONS TO MAGISTRATE'S MINUTE ORDER AND RECOMMENDATION

The Plaintiffs, Carie Fuller and Stephen Fuller, by and through their attorneys, McGloin, Davenport, Severson and Snow, Professional Corporation, hereby make this Plaintiffs' Objections to Magistrate's Minute Order and Recommendations, and in support of said Motion, state as follows:

1.    Plaintiffs filed a Motion to Amend Complaint to Add Punitive Damages Claim Against Defendant Neil Mickelson on May 14, 2007. This pleading is referenced in the Court's files as Docket No 15. Plaintiffs were forced to move to amend to add punitive damages instead of simply pleading those damages initially because Plaintiffs originally filed in Colorado state court and a Colorado statute prohibits a party from claiming punitive damages until after Rule 26(a) disclosures are exchanged. See C.R.S. § 13-21-102. That statute requires that Plaintiffs show they have a *prima facie case* for punitive damages before they can amend their Complaint to add a claim for punitive damages. Id.

2.     After a Response by the Defendant, the Magistrate entered a Recommendation recommending that Plaintiffs should not be allowed to Amend their Complaint.  Docket No. 18. The Magistrate's Recommendation was based in part on the argument that Plaintiffs supported their Motion to Amend with hearsay and conclusory allegations from Plaintiff Carie Fuller's Affidavit, which was attached to the Motion.

3.     Plaintiffs filed a Motion to Reconsider the Magistrate's Recommendation which included Plaintiffs' objections to the Recommendation and an Affidavit from Ms. Fuller which detailed the Defendant's conduct that supports a claim for punitive damages.  Docket No. 19. That Motion was referred to the Magistrate by the District Court Judge in this matter.  The Magistrate denied the Plaintiff's Motion to Reconsider on June 14, 2007 in a Minute Order. Docket No. 23.

4.     Pursuant to 28 U.S.C. § 636, Plaintiffs make these Objections to the Magistrate's Recommendations and Minute Order.  The District Court Judge in this matter has not yet adopted the Magistrate's Recommendations or Minute Order, which are dispositive under F.R.C.P. 72(b) and 28 U.S.C. § 636.[1]  Where a magistrate acts as a recommender, only the district court's entry of an order can put the proposed recommendations into effect.  <u>United Steelworkers of Am. v. New Jersey Zinc Co.</u>, 828 F.2d 1001, 1005 (3d Cir. 1987) (citing H.R. Rep. No. 1609, 94th Cong., 2d Sess. 11, reprinted in 1976 U.S. Code Cong. & Admin. News 6162, 6171).  Plaintiffs

---

[1] Plaintiffs believe the Magistrate also considered Plaintiffs' Motion to Amend as an dispositive motion as the Magistrate only issued Recommendations and referred to F.R.C.P. 72(b) in his Recommendations.  <u>See</u> Docket No. 18.

respectfully request that the Court refrain from entering the Magistrate's Recommendations or Minute Order as an Order of the Court and instead, hear Plaintiffs' objections.

5. Plaintiffs have not waived any right to object to the Magistrate's Recommendation.[2] Plaintiffs filed their Motion to Reconsider in a timely manner and the Court referred that Motion to the Magistrate. In all of the cases sited by the Magistrate and by the Defendant in his argument for waiver, the party objecting to the Magistrate's recommendation failed to file any sort of objection. See Thomas v. Arn, 474 U.S. 140 (1985); Makin v. Colorado Dep't of Corrections, 183 F.3d 1205 (10th Cir. 1999); and Talley v. Hesse, 91 F.3d 1411 (10th Cir. 1996). See also Docket No. 18 at p. 3 and Docket No. 23 at p. 6. In this case, Plaintiffs filed a written statement detailing their objections to the Magistrate's Recommendations and to the Magistrate's Minute Order in a timely manner. Plaintiffs thus have not waived the ability to have a District Judge review the Magistrate's Recommendations and Minute Order.

6. Plaintiff does not have any argument to bring to this Court that is not already detailed in their previous Motions and objections. Plaintiff will not reiterate its arguments in this pleading, but it respectfully requests that the Court review those pleadings.

7. If the Court reviews the pleadings, it will find that in the Recommendation and Minute Order, the Magistrate essentially adopted the arguments put forth by the Defendant to deny Plaintiffs' Motion. However, those arguments do not reach the issue of whether Plaintiffs have the ability to show a *prima facie case* for punitive damages.

8. Defendant's arguments in his Response to Plaintiff's Motion to Amend were that Plaintiff Carie Fuller's Affidavit did not present a *prima facie case* and that Plaintiffs' claim for

---

[2]Defendant makes a waiver argument in a prior pleading. Docket No. 22 at pg. 6.

punitive damages was plead incorrectly. As Plaintiffs argued in their Motion for Reconsideration, Ms. Fuller did make a *prima facie case* in her original Affidavit. Docket No. 19 at p. 3. Plaintiffs still believe that it is outrageous conduct for an employer to repeatedly invite his employee to have sex. However, Plaintiff's recognize that the majority of the allegations in Ms. Fuller's original Affidavit are conclusory and based on hearsay.

9. In any event, Plaintiffs also presented a Supplemental Affidavit along with their Motion for Reconsideration. Exhibit 1 to Docket No. 19. That Supplemental Affidavit is more detailed concerning the allegations of defamation and details a number of actions by the Defendant that constitute outrageous conduct, thereby making a *prima facie case* for punitive damages. The Magistrate denied Plaintiffs' Motion to Reconsider, but, in doing so, appeared to fail to consider the allegations in the Supplemental Affidavit. In other words, Plaintiffs have not been prevented from adding a claim for punitive damages because of her inability to make a *prima facie case*, but because of technical objections to the pleadings in which Plaintiff presented her case.

10. Plaintiffs' respectfully submit that the Magistrate's rules elevate form over substance and unjustly prevents Plaintiffs' from bringing their claim for punitive damages and conducting discovery to support that claim. Plaintiffs respectfully request that this Court examine the Supplemental Affidavit, which clearly sets out a *prima facie case* for punitive damages, and allow Plaintiff to Amend her claim.

11. Furthermore, Plaintiffs Motion to Amend was also rejected because Plaintiffs plead their claim for punitive damages under a separate claim. Plaintiffs respectfully submit their objections and request that this Court recognize that none of the cases cited by the Defendant or

the Magistrate dictate that a claim for punitive damages must be dismissed if it is plead as a separate claim.  See Docket No. 19 at pp. 4-5.

12.     Finally, Plaintiffs respectfully request that the Court recognize that if Plaintiffs were to submit the Supplemental Affidavit and a Amended Complaint with punitive damages simply listed in the request for relief, then the Defendants have not raised any reason why Plaintiffs' Motion to Amend to Add a Claim for Punitive Damages should be denied.  Plaintiffs request that this Court not hold Plaintiffs' counsel's possible mistakes in drafting the Amended Complaint and submitting conclusory allegations in the first Affidavit against them and allow Plaintiffs to bring their claim for punitive damages and conduct discovery related to that claim.

WHEREFORE, the Plaintiffs respectfully request that the Court hear their Objections to the Magistrate's Recommendations and Minute Order, reject those Recommendations, dismiss the Minute Order, and grant Plaintiffs Motion to Amend their Complaint to Add a Claim for Punitive Damages.

Respectfully submitted this 25th day of June, 2007.

                                                    s/ Kyle W. Davenport
                                                   Michael J. Dommermuth
Kyle W. Davenport
MCGLOIN, DAVENPORT, SEVERSON AND SNOW
PROFESSIONAL CORPORATION
1600 Stout Street, Suite 1600
Denver, CO 80202-3103
Phone: 303-863-9800
Fax:    303-571-1600
miked@mdsslaw.com; kyled@mdsslaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

  I hereby certify that on June 25, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following e-mail address:

  James M.. Dieterich, Esq.  E-mail: jdieterich@wsteele.com
  Adam J. Goldstein, Esq.  E-mail: agoldstein@wsteele.com

and I hereby certify that I have served a copy of the foregoing upon James M. Dieterich, Esq. and Adam J. Goldstein, Esq. by placing a copy in the United States first class mail, postage prepaid, addressed to:

  James M.. Dieterich, Esq.
  Adam J. Goldstein, Esq.
  White and Steele, P.C.
  950 Seventeenth Street, Suite 2100
  Denver, CO 80202

                s/ Carolyn Moriyama