IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00291-WYD-MJW

CARIE FULLER and
STEPHEN FULLER,

      Plaintiffs,

v.

NEIL MICKELSON,

      Defendant.

## PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

The Plaintiffs, Carie Fuller and Stephen Fuller, by and through their attorneys, McGloin, Davenport, Severson and Snow, Professional Corporation, hereby make this Plaintiffs' Motion for Protective Order, and in support of said Motion, state as follows:

**Certification under D.C.COLO.LCivR 7.1**: Plaintiffs' counsel has conferred with Defendant's counsel, and except for Plaintiff's request that the Protective Order apply to Plaintiff Carie Fuller's relevant medical records, Defendant does not oppose this Motion or the associated Protective Order.

1.     Plaintiff Carie Fuller is an employee of Landmark Lincoln Mercury ("the dealership"), a used and new vehicle dealership in Englewood, Colorado.

2.     Ms. Fuller brought claims of defamation and outrageous conduct against her former supervisor, Defendant Neil Mickelson.

3.      Specifically, Ms. Fuller alleges that Mr. Mickelson directed her to falsify financial statements for the dealership, accused her of stealing from the dealership, and sexually harassed her.

4.      Plaintiffs anticipate that private confidential financial information for the dealership and some of Ms. Fuller's medical records are and will be relevant.

5.      F.R.C.P. 26(c) authorizes the Court "upon good cause shown" by the moving party, to issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense including one or more of the following . . . (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way."

6.      The vehicle sales industry is a highly competitive industry, and the release confidential financial information would give the dealership's competitors an unfair advantage over the dealership.  A Protective Order preventing public disclosure of such records is therefore warranted in this case.

7.      Ms. Fuller should not be forced to release private medical information to the general public and undergo the potential embarrassment, oppression, or undue burden that would result from such a disclosure in order to prove her claims and meet F.R.C.P. 26(a) disclosure requirements.  Plaintiffs are not requesting a Protective Order that prevents the Defendant from examining relevant medical records, only a Protective Order that prevents the disclosure of those records for any purpose other than the defense of this case.  In addition, by filing this motion, Ms. Fuller has not waived the doctor-patient privilege for any medical records that are not relevant to this dispute.  Alcon v. Spicer, 113 P.3d 735 (Colo. 2005).

8.      Ms. Fuller's medical records are generally protected from discovery.  C.R.S. § 13-90-107.  Ms. Fuller has placed her mental health at issue by virtue of her damages claims and as such, Defendant has a right ro review the medical records which relate to the cause and extent of injury and damages sustained a result of Defendant's actions.  However, those records are confidential under Colorado law and are entitled to protection from disclosure outside the scope of this litigation.  C.R.S. § 13-90-107.  See also Johnson v. Trujillo, 997 P.2d 152 (Colo. 1999).  Furthermore, courts should consider the flexible array of protective orders to accommodate the needs of the party seeking disclosures while protecting the legitimate interests of the party opposing disclosures.  Bond v. District Court of County of Denver, 682 P.2d 33, 40 (Colo. 1984).  A protective order preventing public disclosure of Ms. Fuller's medical records while allowing Defendant to examine her medical records will meet both requirements.

9.      Plaintiffs must show that there is "good cause" for this Court to enter a Protective Order protecting Ms. Fuller's medical records from public disclosure.  A number of Circuits have laid out factors for establishing good cause.  For example, the Ninth and Third Circuits have laid out a factor-based test to balance competing public and private interests:

> In balancing private and public interests, courts have looked to the following factors: (1) whether disclosure will violate any privacy interests; (2) whether the information being sought is for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

*See* generally <u>Phillips ex rel. Estates of Byrd v. General Motors Corp.</u>, 307 F.3d 1206,

1211-12 (9th Cir. 2002) (citing <u>Glenmede Trust Co. v. Thompson</u>, 56 F.3d 476, 483 (3d

Cir. 1995)).

      10.    There is good cause in this case for this Court to prevent Ms. Fuller's

medical records from public disclosure.  Public disclosure will  violate Ms. Fuller's

interest in keeping her medical records private and disclosure of such records will

certainly cause Ms. Fuller embarrassment.  Furthermore, though Ms. Fuller is not a public

official, this case does not involve any issue important to the public and there is no

information that is important to public safety or health.  Finally, Plaintiff's are not

requesting this Protective Order to prevent Defendant from viewing the relevant medical

records, and fairness and efficiency among the litigants will remain.

      11.    More specific to the Plaintiff's request here, the D.C. Circuit has established a

six-part balancing test for determining whether documents should be sealed from public access.

<u>Roberson v. Bair</u>, 2007 U.S. Dist. LEXIS 34145 (D.D.C. 2007) (citations omitted).  These factors

are:

> (1) the need for public access to the documents at issue; (2) the extent to which
> the public had access to the documents prior to the sealing order; (3) the fact
> that a party has objected to disclosure and the identity of that party; (4) the
> strength of the property and privacy interests involved; (5) the possibility of
> prejudice to those opposing disclosure; and (6) the purposes for which the
> documents were introduced.

<u>Id</u>. (citations omitted).  Plaintiffs recognize that this Court is not required to follow the reasoning

of the D.C. Circuit, but believe that above test is a good guide for analysis under Plaintiffs'

request for a Protective Order.

4

12.     Under the D.C. Circuit's balancing test, Ms. Fuller's medical records should be

sealed from public access.  There is no need for public access to the documents specifically at

issue, the public has never had access to those documents prior to this dispute and Ms. Fuller's

privacy interest in her medical records is very strong.  Furthermore, as Ms. Fuller is willing to

produce the relevant medical records to the Defendant, there is no possibility of prejudice to the

Defendants.

13.     Any documents considered confidential shall be stamped "Confidential" on each

page.

14.     Confidential documents and the information in them shall not be used or disclosed

for any purpose other than the prosecution, defense, appeal or settlement of the dispute forming

the basis of this adversarial action and shall not be used for any other purpose.

15.     At the conclusion of this adversarial action, all documents marked confidential

shall be returned to the party or third party who produced those documents.

WHEREFORE, the Plaintiffs respectfully request that the Court approve the Protective

Order submitted with this Motion.

Respectfully submitted this 5th day of July, 2007.


                          s/ Kyle W. Davenport
                     Michael J. Dommermuth
                     Kyle W. Davenport
                     MCGLOIN, DAVENPORT, SEVERSON AND SNOW
                     PROFESSIONAL CORPORATION

1600 Stout Street, Suite 1600
Denver, CO 80202-3103
Phone: 303-863-9800
Fax:    303-571-1600
miked@mdsslaw.com; kyled@mdsslaw.com

*Attorneys for Plaintiffs*


## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following e-mail address:

James M.. Dieterich, Esq.        E-mail:  jdieterich@wsteele.com
Adam J. Goldstein, Esq.          E-mail:  agoldstein@wsteele.com

and I hereby certify that I have served a copy of the foregoing upon James M. Dieterich, Esq. and Adam J. Goldstein, Esq. by placing a copy in the United States first class mail, postage prepaid, addressed to:

James M.. Dieterich, Esq.
Adam J. Goldstein, Esq.
White and Steele, P.C.
950 Seventeenth Street,Suite 2100
Denver, CO 80202


  s/ Garnet P. Schultz