IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  07-cv-00291-WYD-MJW

CARIE FULLER and
STEPHEN FULLER,

      Plaintiffs,

v.

NEIL MICKELSON,

      Defendant.

---

**ORDER AFFIRMING IN PART AND REJECTING IN PART
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER is before the Court on Plaintiffs' Objections to Magistrate's

Minute Order and Recommendation (filed June 25, 2007).  Plaintiffs object therein to

Magistrate Judge Watanabe's Recommendation on Plaintiffs' Motion to Amend

Complaint to Add Punitive Damages Claim Against Defendant Neil Mickelson (filed May

22, 2007) and his Minute Order of June 14, 2007, denying Plaintiff's motion to

reconsider that ruling.

By way of background, Plaintiff's Complaint for Damages and Jury Demand filed

in state court alleged claims for defamation, outrageous conduct and loss of

consortium.  The case was removed to this Court in February 2007.  In accordance with

Colorado law, the Complaint did not seek punitive damages.  Instead, Plaintiffs sought

leave to amend the complaint to add a claim for punitive damages after the exchange of

initial disclosures, as required pursuant to COLO. REV. STAT. § 13-21-102(1.5)(a).  *See*

Pls.' Mot. to Amend Comp. to Add Punitive Damages Claim Against Def. Neil Mickelson (docket # 15).  Plaintiffs' motion attached an affidavit of Plaintiff Carie Fuller in support of the argument that a prima facie case of a triable issue regarding punitive damages existed, as required by § 13-21-102(1.5)(a).  Plaintiffs' motion also attached a proposed amended complaint that added a separate claim for punitive damages.  *Id.*

On May 22, 2007, Magistrate Judge Watanabe filed a Recommendation that Plaintiffs' motion to amend be denied.  Recommendation at 2-3.  As grounds for the Recommendation, he found that "portions of the affidavit of Plaintiff Carie Fuller contain inadmissible hearsay and conclusory allegations, and such affidavit fails to establish a *prima facie case* of a triable issue of exemplary damages under § 13-21-102(1.5), C.R.S."  Recommendation at 2.  Magistrate Judge Watanabe also found that "Plaintiffs' proposed Amended Complaint seeks to pursue "punitive damages" ["exemplary damages"] as a separate case of action which is improper. Exemplary damages are not a cause of action. Colorado law is clear on this point."  *Id.* (citing cases).

Before addressing the merits of the Objections, I first address Defendant's argument that the objections are untimely and should be considered.  I note that after the Recommendation was issued, Plaintiffs filed a motion to reconsider rather than filing objections.  After Magistrate Judge Watanabe denied that motion on June 14, 2007, Plaintiffs filed objections within ten (10) days of that ruling.  While Plaintiffs' Objections are technically late, I find that they should be considered in the interest of justice, particularly since they were filed  within ten days of the denial of Plaintiffs' motion to reconsider.

I now turn to the merits of the Objections.  Plaintiffs' Objection asserts that they have shown through Carie Fuller's affidavit (and supplemental affidavit attached to Plaintiffs' motion to reconsider) that there is a *prima facie* case for punitive damages in regard to the defamation and outrageous conduct claim.  Further, Plaintiffs assert that the magistrate judge failed to consider the supplemental affidavit of Ms. Fuller in connection with his decision denying Plaintiffs' motion to reconsider, and that Plaintiffs are being presented from adding a claim for punitive damages because of technical objections to Plaintiffs' pleadings.  Finally, Plaintiffs assert that the magistrate judge elevates form over substance and improperly prevents Plaintiffs from bringing their claim for punitive damages.

Plaintiffs' Objections necessitate a <u>de novo</u> determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive.  FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).  While the matter involves a motion to amend the complaint rather than a dispositive motion, I find that the Recommendation to deny the motion should be viewed as a dispositive ruling since it precludes the filing of a claim for damages.  *See Nomura Securities Intern., Inc. v. E*Trade Securities, Inc.*, 280 F. Supp. 2d 184, 198 (S.D.N.Y. 2003); *McCormick v. City of Lawrence, Kansas*, No. 02-2135-JWL, 2003 WL 158704 at *1 (D. Kan. 2003).

I first address the portion of the Recommendation which found that the proposed amended complaint attached to Plaintiffs' motion for leave to amend was technically deficient.  I agree with, and affirm, that portion of the Recommendation.  Magistrate Judge Watanabe is correct that under Colorado law, a claim for exemplary damages is

not a separate claim but is ancillary to an underlying claim. *See Palmer v. A. H. Robins Co., Inc.*, 684 P.2d 187, 213 (Colo. 1984); ); *Pulliam v. Dreiling*, 839 P.2d 521, 524 (Colo. App. 1992); *Kirk v. The Denver Pub. Co.*, 818 P.2d 262, 265 (Colo. 1991).[1] As such, the punitive damages should not have been pled as a separate claim in the proposed First Amended Complaint, and that Complaint was technically deficient. Further, the damages should have been referred to as exemplary damages, rather than punitive damages, which is another pleading deficiency in the proposed amended complaint.

I disagree with, however, and thus reject that portion of the Recommendation which found that Plaintiff Carie Fuller's affidavit did not establish a *prima facie* case of a triable issue regarding exemplary damages. While Ms. Fuller's affidavit does contain certain hearsay and conclusory statements, I find that paragraph 9 of the Affidavit (in combination with paragraph 4) presents a prima facie case of a triable issue regarding exemplary damages. It states that Defendant Mickelson, as Plaintiff's supervisor at work, frequently invited Plaintiff to his home to have sexual relations, made improper invitations to Plaintiff and touched her inappropriately on several occasions in connection with alleged sexual harassment. While these statements are not detailed in nature, I find that they assert allegations of specific types of sexual misconduct that could present a triable issue of fact on exemplary damages. *See Pearson v. Kancilia*, 70 P.3d 594, 596-98 (Colo. Ct. App. 2003) (recognizing that a claim for outrageous conduct can be based on unwanted and egregious sexual harassment in the

---

[1] Plaintiffs' attempt to distinguish these cases is unpersuasive.

workplace, including being subjected to sexual jokes, advances, contact, and other
lewd behavior, and affirming judgment which included award of punitive damages on
such a claim).

Thus, while the amended complaint was technically not pled properly, I find that
Plaintiffs have presented a *prima facie* case of a triable issue on exemplary damages.
The question then becomes whether Plaintiffs' motion for leave to amend the complaint
should be granted or denied.  I find that rather than denying the motion and requiring
Plaintiffs to file a new motion for leave to amend which will further delay this case, their
motion should be granted.  The recommendation to deny Plaintiffs' motion for leave to
amend is thus rejected.  However, since the proposed First Amended Complaint
attached to the motion for leave to amend was technically deficient, I will require
Plaintiffs to submit a new proposed First Amended Complaint to this Court within ten
(10) days of the filing date of this Order which corrects the noted deficiencies.

In conclusion, it is

ORDERED that the Recommendation on Plaintiffs' Motion to Amend Complaint
to Add Punitive Damages Claim Against Defendant Neil Mickelson (filed May 22, 2007)
is **AFFIRMED IN PART AND REJECTED IN PART**.  Specifically, that portion of the
Recommendation which found that Plaintiffs' proposed First Amended Complaint was
technically deficient as it pled punitive (exemplary) damages as a separate claim is
affirmed.  However, the portion of the Recommendation which found that Plaintiffs did
not present a prima facie case of a triable issue regarding exemplary damages and

which recommended that Plaintiffs' motion for leave to amend the complaint to add a claim for exemplary damages be denied is rejected.  It is

FURTHER ORDERED that Plaintiffs' Motion to Amend Complaint to Add Punitive Damages Claim Against Defendant Neil Mickelson (docket # 15) is **GRANTED**. However, the proposed First Amended Complaint attached to that motion is not accepted for filing.  Instead, it is

ORDERED that Plaintiffs shall submit a new proposed First Amended Complaint to the Court within ten (10) days of this Order that corrects the deficiencies in the original proposed First Amended Complaint noted in this Order.

Dated:  October 31, 2007

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge