IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00291-WYD-MJW

CARIE FULLER and
STEPHEN FULLER,

    Plaintiffs,

v.

NEIL MICKELSON,

    Defendant.

## FIRST AMENDED COMPLAINT

    The Plaintiffs, Carie Fuller and Stephen Fuller, by and through their attorneys, McGloin, Davenport, Severson and Snow, Professional Corporation, for their First Amended Complaint against the Defendant, Neil Mickelson, allege and state as follows:

    1.    The Plaintiff, Carie Fuller, is a resident of the State of Colorado residing in Littleton, Colorado.

    2.    The Plaintiff, Stephen Fuller, is a resident of the State of Colorado residing in Littleton, Colorado. At all times herein Stephen Fuller was the husband of the Plaintiff, Carie Fuller.

    3.    The Defendant, Neil Mickelson, is a resident of the Lake of the Ozarks, Missouri.

    4.    The Defendant's acts which led to this action occurred in the State of Colorado and thus, this Court has jurisdiction over the Defendant, Neil Mickelson.

    5.    Venue is proper in this Court, as the Defendant, Neil Mickelson, is currently a

non-resident of the State of Colorado and the Plaintiffs hereby designate venue in the City and County of Denver.

6. At all times relevant to this Complaint, the Plaintiff, Carie Fuller, was an employee of Landmark Lincoln Mercury, a new and used car dealership located at 5000 South Broadway, Englewood, Colorado.

7. The Defendant, Neil Mickelson, was the majority stockholder of Landmark Lincoln Mercury and was the general manager of that dealership.

8. Neil Mickelson was the direct supervisor of Carie Fuller, and Mrs. Fuller reported directly to Mr. Mickelson since December of 2004.

9. During the time that Ms. Fuller was supervised by Neil Mickelson, she was subjected to unwanted and uninvited sexual harassment on a daily basis. For instance, Mr. Mickelson would frequently invite Mrs. Fuller to his home when his wife was out of town in order to have sexual relations. Further, Mr. Mickelson would make inappropriate comments and invitations to Mrs. Fuller on an almost daily basis. On several occasions, Mr. Mickelson touched Mrs. Fuller in an inappropriate manner.

10. Further, Mrs. Fuller was charged with the responsibility of completing monthly financial statements for Landmark Lincoln Mercury. On a regular basis the Defendant, Neil Mickelson, directed Mrs. Fuller to make inappropriate entries on the financial statements that tended to overstate the value of the company.

11. Mrs. Fuller objected to Mr. Mickelson's accounting practices, but went along with those practices because he was her supervisor and she feared she might lose her job if she protested.

12. In February and March of 2006, Landmark Lincoln Mercury's auditors, Henry &

Horne, P.L.C., were at the dealership for the purpose of completing audited financials. During that time period the Defendant, Neil Mickelson, told a representative of Henry & Horne, specifically, Donna McMordie, that Carie Fuller had stolen approximately $53,000 from the dealership.

13. In June of 2006 Neil Mickelson sold his stock in Landmark Lincoln Mercury to a minority stockholder named Tom Daniels.

14. Following the closing of the stock purchased, Mr. Daniels began to question various entries on the financial statement.

15. In questioning those entries, Mr. Daniels contacted Donna McMordie at Henry & Horne. During that conversation between Mr. Daniels and Ms. McMordie repeated to Mr. Daniels the allegation that Mr. Mickelson had falsely alleged against Mrs. Fuller.

16. Mr. Daniels investigated Mr. Mickelson's allegation and correctly determined that allegation was false.

17. Mr. Mickelson made the allegations against Mrs. Fuller in an attempt to hide his own malfeasance in the false financial statements that were prepared at his direction.

18. As a direct and proximate result of the actions of the Defendant, Neil Mickelson, as alleged in this Complaint, the Plaintiff, Carie Fuller, has suffered substantial injury to her reputation with her current employer and in the industry in general.

19. Further, the acts of Neil Mickelson have damaged Mrs. Fuller's relationship with her current employer, Tom Daniels.

20. The acts of Mr. Mickelson as alleged in this Complaint have also caused the Plaintiff Carie Fuller to suffer severe emotional distress.

21. The acts of the Defendant, Mr. Mickelson, have also strained Mrs. Fuller's relationship with her husband, Plaintiff Stephen Fuller, and her family and caused her difficulty in sleeping.

22. As a direct and proximate result of the acts of Mr. Mickelson, Mrs. Fuller has also suffered severe and uncontrollable bouts of crying.

23. The acts and omissions of Defendant Neil Mickelson were attended by circumstances of fraud, malice, willful and wanton misconduct and battery entitling the Plaintiffs to an award of punitive damages.

## FIRST CLAIM FOR RELIEF
### (Defamation)

24. Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 23 above as though again fully set forth herein.

25. The Defendant Neil Mickelson's statement to Donna McMordie of Henry & Home concerning Mrs. Fuller's alleged theft from Landmark Lincoln Mercury were false.

26. Those statements were defamatory per se.

27. As a direct and proximate result of Mr. Mickelson's defamation of her, Mrs. Fuller has incurred damages in an amount to be proven at trial.

28. In addition, Mrs. Fuller is entitled to award of exemplary damages.

## SECOND CLAIM FOR RELIEF
### (Outrageous Conduct)

29. Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 28 above as though again fully set forth herein.

30. The acts as described in this Complaint were so outrageous that no reasonable person in a civilized society should be expected to tolerate those acts.

31. As a direct and proximate result of Mr. Mickelson's outrageous conduct toward Mrs. Fuller, Mrs. Fuller has been damaged in an amount to be proven at trial.

32. Mrs. Fuller is also entitled to an award of exemplary damages.

### THIRD CLAIM FOR RELIEF
(Loss of Consortium)

33. Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 32 above as though again fully set forth herein.

34. The acts and omissions as described in this Complaint caused Stephen Fuller to suffer loss of affection, society, companionship and aid and comfort of his wife, Carie Fuller.

35. Mr. Fuller is also entitled to award of punitive damages.

WHEREFORE, the Plaintiffs, Carie Fuller and Stephen Fuller, respectfully pray that the Court enter judgment in their favor and against the Defendant, Neil Mickelson, for their damages in an amount to be proven at trial, for pre-judgment interest, exemplary damages, and costs of this action as allowed by statute.

### JURY DEMAND

Plaintiffs Carie Fuller and Stephen Fuller demand trial by a jury of six (6) persons.

s/ Kyle W. Davenport
Michael J. Dommermuth
Kyle W. Davenport

MCGLOIN, DAVENPORT, SEVERSON AND SNOW
Professional Corporation
1600 Stout Street, Suite 1600
Denver, CO 80202-3103
Telephone: 303-863-9800
FAX: 303-571-1600
E-mail: miked@mdsslaw.com
kyled@mdsslaw.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following e-mail address:

James M. Dieterich, Esq.    E-mail: jdieterich@wsteele.com
Adam J. Goldstein, Esq.     E-mail: agoldstein@wsteele.com

and I hereby certify that I have served a copy of the foregoing upon James M. Dieterich, Esq. and Adam J. Goldstein, Esq. by placing a copy in the United States first class mail, postage prepaid, addressed to:

James M. Dieterich, Esq.
Adam J. Goldstein, Esq.
White and Steele, P.C.
950 Seventeenth Street, Suite 2100
Denver, CO 80202

s/ Carolyn Moriyama